UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD NICHOLSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) No. 4:14-CV-01825-RLW |
| ST. FRANCOIS COUNTY CIRCUIT COURT, | ) ) ) ) |
| Respondent. | ) ) |

### MEMORANDUM AND ORDER

This matter is before the Court on petitioner's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, a pretrial detainee at St. Francois County Jail, has filed his amended petition on the grounds that (1) he was arrested without being read his Miranda rights, (2) he was not read his Miranda rights until over a month later when he was questioned again without his lawyer present, (3) his Fourth Amendment rights were violated by physical restraint and he was denied due process by the courts, and (4) there is no actual proof of any evidence in his case.

Under 28 U.S.C. § 2241(c)(3), the federal courts have jurisdiction over pretrial habeas petitions. Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir.1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief." Id. Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. Id. "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceeding." Blanck v. Waukesha County, 48 F. Supp. 2d 859, 860 (D. Wis. 1999). Courts have found that special circumstances existed where double jeopardy was at issue

or where a speedy trial claim was raised. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 488 (1973) (speedy trial); Blanck, 48 F. Supp. 2d at 860 (double jeopardy).

The grounds raised by petitioner do not constitute the "special circumstances" required for a finding that he has exhausted his available state remedies. Petitioner's allegations are conclusory and do not contain any facts, which if proved, would demonstrate that he has been deprived of the right to a speedy trial or that he has been put in double jeopardy. Additionally, the claims raised by petitioner can be adequately raised at trial and in subsequent state proceedings. As a result, the Court will deny and dismiss the petition at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [ECF No. 4] is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus [ECF No. 1] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 21st Day of November, 2014.

_Ronnie L. White_
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE